IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


PRECISION CRAFT LOG STRUCTURES, INC., )
                                        )
                   Plaintiff,                  ) Case No. CV05-199-S-EJL
                                          )
vs.                                              ) MEMORANDUM ORDER
                                          )
THE CABIN KIT COMPANY, INC.,  et al.,    )
                                         )
                Defendants.                )
_____ )

Pending before the Court in the above-entitled matter are Defendants' motion to dismiss case for lack of personal jurisdiction pursuant (Docket No. 5) and motion to strike portions of statements filed in support of Plaintiff (Docket No. 12). The motion to dismiss argues there are insufficient contacts with Idaho to support the Court exercising personal jurisdiction over the Defendants. Plaintiff has responded to the motion asserting personal jurisdiction is proper in Idaho because copyright infringement is an intentional tort that occurred in Idaho and Plaintiff has suffered injury in Idaho from such tort.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Precision Craft Log Structures, Inc. ("Precision Craft") is an Idaho corporation with its principal place of business in Meridian, Idaho. Defendant The Cabin Kit Company, Inc. ("Cabin Kit"), is a Nevada corporation with its principal place of business in Arizona. Defendant George Wardner is the President of The Cabin Kit Company, Inc. Jane Doe Wardner is the alleged spouse of George Wardner, although Plaintiff is not aware of her correct legal name. Both Precision Craft

MEMORANDUM ORDER - Page 1
06ORDERS\Precision_dis.WPD

and Cabin Kit are in the business of selling architectural cabin plans and materials for the construction of such homes.

Plaintiff alleges Cabin Kit's plans labeled "Larkspur" and "Astoria" are copies of Precision Craft's "Silver Creek" and "Ponderosa" copyrighted architectural plans.   Precision Craft also alleges Cabin Kit infringed on its copyrights of two log cabin models by displaying on Cabin Kit's website colored drawings which were prepared by D. K. Broman under the "work for hire" doctrine and which are the copyrighted property of Precision Craft. Plaintiff alleges Cabin Kit's website also offers a catalog that contains the Larkspur and Astoria plans at no charge. In November of 2004, counsel for Plaintiff mailed a letter requesting Defendant Cabin Kit cease and desist from all use of Precision Craft's plans and drawings for Larkspur and Astoria and offering a retroactive license for the unauthorized usage of the plans and drawings.  The offer was refused and the Complaint was filed on May 17, 2005 alleging copyright infringement and willful copyright infringement.

Defendant Cabin Kit has filed a motion to dismiss for lack of personal jurisdiction claiming Cabin Kit's contacts with the state of Idaho are virtually non-existent and Cabin Kit has done nothing to "purposefully direct" its business activities to Idaho residents.  It is undisputed that Cabin Kit does not maintain a business presence in Idaho, it has no employees in Idaho, it has no dealers of its products in Idaho, does not own real property in Idaho, and does not maintain bank accounts in Idaho.  Neither of the individually named Defendants, George and Jane Do Wardner,  have traveled to Idaho for business purposes.

It is also undisputed that Cabin Kit maintains an internet site that is not specifically directed at Idaho or any other state.  The site provides some information about the company and contact information should someone desire more information.  The site has drawings or pictures of homes and floor plans that can be viewed on the internet.  Cabin Kit's President filed an affidavit stating Cabin Kit has never consummated a sale of a building materials package on its website and only rarely sells design plans on its website and its plans cannot be downloaded from the website.  Cabin Kit maintains it has never made a sale of its own building materials packages to any Idaho resident. However, Cabin Kit was a dealer and was involved in a single sale of materials in 2002 to an Idaho resident.  The single sale did not involve the plans at issue in this lawsuit.

MEMORANDUM ORDER - Page 2

Plaintiff responds to the motion to dismiss claiming Cabin Kit committed a tort in Idaho by misappropriating and infringing on Precision Craft's copyrighted works and this provides jurisdiction under Idaho's long-arm statute.

While Defendant Cabin Kit does not dispute at this point that the Silver Creek and Ponderosa drawings and plans are copyrighted, Defendant Cabin Kit attacks the form of the statements submitted by Plaintiffs in support of the motion to dismiss.

## BURDEN OF PROOF

In a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of proof to show that jurisdiction is appropriate. Doe v. Unocal Corp., 248 F.3d 915 (9th Cir. 2001). National Union Fire Insurance Co. v. Aerohawk Aviation, Inc., 259 F. Supp. 2d 1096, 1101 (D. Idaho 2003). The plaintiff has the burden of establishing the Court has personal jurisdiction over the defendants. Id. at 922. "'[W]hen a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.'" Id. (quoting Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 11995)(citations omitted). "Where not directly controverted, a plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." National Union Fire Insurance Co. v. Aerohawk Aviation, Inc., 259 F. Supp. 2d 1096, 1101 (D. Idaho 2003).

## DISCUSSION

Personal jurisdiction over both parties is required before a court may decide a case in controversy. U.S. CONST. Amend. XIV. As there is not federal statute governing personal jurisdiction in this case, the law of Idaho applies. Two forms of personal jurisdiction exist - general and specific. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984). In order to exercise either type of personal jurisdiction, the state's long-arm statute must be satisfied. See State of Idaho v. M.A. Hanna Co., 819 F. Supp. 1464 (D. Idaho 1993). Venue over a copyright

infringement action is any district where personal jurisdiction may be obtained under a state's long arm statute.  28 U.S.C. 1400(a).

      (a)      <u>Idaho Long Arm Statute:</u>

In order to properly exercise personal jurisdiction over Defendants pursuant to Idaho's long-arm statute, the Defendants must meet the requirements of the long-arm statute and the exercise of personal jurisdiction must comply with due process. <u>Id.</u>  The Idaho long-arm statute, as it relates to this case, enables Idaho courts to exercise personal jurisdiction over any person or company who are engaged in the "transaction of any business within this state" or  when a tortious act is committed within the state.  Idaho Code §5-514.  In adopting § 5-514, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution.  <u>Houghland Farms, Inc. v. Johnson</u>, 803 P.2d 978,  981 (Idaho 1990); <u>see also</u> <u>Lake v. Lake</u>, 817 F.2d 1416 (9th Cir. 1987) (determining federal cases provide guidance in determining whether personal jurisdiction exists).  Thus, the Court need only determine whether asserting personal jurisdiction complies with due process.  <u>M.A. Hanna Co.</u>, 819 F. Supp. 1464.

      (b) <u>General Personal Jurisdiction</u>

"When a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum" the state is exercising general jurisdiction. <u>Helicopteros</u>, 466 U.S. at  416 n. 9.  This occurs when there are "substantial" or "continuous and systematic" contacts with the forum state.  <u>Mancroft & Masters, Inc. v. Augusta Nat. Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000).  "The standard for establishing general jurisdiction is 'fairly high', <u>Id.</u> (quoting <u>Brand v. Menlove Dodge</u>, 796 F. 2d 1070, 1073 (9th Cir. 1986)), and requires that the defendant's contacts be of the sort that approximates physical presence." <u>Mancroft & Masters, Inc.</u>, 223 F. 3d at 1086, (citing <u>Gates Learjet Corp. v. Jensen</u>, 743 F. 2d 1325, 1331 (9th Cir. 1984)). There are several factors to consider when determining general jurisdiction: "whether defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." <u>Mancroft & Masters, Inc.</u>,

MEMORANDUM ORDER - Page 4
06ORDERS\Precision_dis.WPD

223 F. 3d at 1086; <u>see also</u> <u>Hirsh v. Blue Cross, Blue Shield of Kansas City</u>, 800 F. 2d 1474, 1478 (9th Cir. 1986).

In this case the Defendants' direct contacts with Idaho are virtually non-existent.  Besides the single sale via a dealer in 2002, the facts do not indicate "substantial" or "continuous and systematic" contacts with the forum state.  Even considering the website maintained by Cabin Kit, this is not enough to establish general jurisdiction.  Internet shopping now allows items to be bought and sold from around the world without the seller entering the buyer's state.  The Ninth Circuit uses a sliding scale test to determine if the internet seller has approximate physical presence in the state. <u>Gator.com Corp. v. L.L. Bean, Inc.</u>, 341 F. 3d 1072, 1079 (9th Cir. 2003).  First, the seller must clearly do business in the state over the internet and secondly, the contact must be substantial or continuous and systematic.  <u>Id.</u>  In <u>Gator.com</u>, the court found general jurisdiction to exist because the website was "highly interactive," millions of dollars in business was done from it, and a large amount of advertising was directed at the forum state.  <u>Id.</u> at 1080.  Being involved as a dealer in one sale to Idaho, does not create substantial or continuous and systematic contacts with the state sufficient to give rise to general personal jurisdiction.  The Court finds the Defendants' internet and single isolated contact with Idaho do not give rise to general personal jurisdiction over Defendants Cabin Kit or George and Jane Doe Wardner in this case.

(c) <u>Specific Personal Jurisdiction</u>

When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising "specific jurisdiction" over the defendant.  <u>Helicopteros</u>, 466 U.S. at  414 n. 8.  It is well established in the Ninth Circuit that three conditions must be met before a court may exercise specific personal jurisdiction over a nonresident defendant: (1) the nonresident defendant must purposefully conduct activities within the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 923 (9th Cir. 2001); <u>see also</u> <u>Ballard v. Savage</u>, 65 F.3d 1495 (9th Cir.1995).

The requirement that the defendant do some act purposefully to avail itself of the laws of the forum state ensures that a person is not hauled into court as the result of random, fortuitous, or

attenuated contacts or on account of the unilateral activity of third parties. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985). Thus, the Court must examine whether Defendants' activities were directed purposefully toward the forum. <u>Id.</u> at 2184. "Purposeful availment, which satisfies the first part of the Ninth Circuit test, requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" <u>Doe</u>, at 248 F.3d at 923 (citing <u>Sher v. Johnson</u>, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting <u>Sinatra v. National Enquirer, Inc.</u>, 854 F.2d 1191, 1195 (9th Cir. 1988)). However, " 'an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts' to support personal jurisdiction." <u>Id.</u> (citing <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 816 n. 9 (9th Cir. 1988) (quoting <u>Burger King</u>, 471 U.S. at 478).

Incorporating the standards set forth in <u>Burger King</u>, the Ninth Circuit has expounded upon the requirements for purposeful availment, noting that purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction, and that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. <u>Doe</u>, 248 F.3d at 923 (citing <u>Haisten v. Grass Valley Medical Reimbursement Fund, LTD</u>, 784 F.2d 1392, 1397 (9th Cir. 1986)).

The Defendants maintain their website is insufficient to purposefully direct actions to the forum state. Under the facts of this particular case, the Court agrees. While Defendant's website is open to all internet users, nothing has been done by Cabin Kit to direct actions specifically towards Idaho. Like the situation in <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414 (9th Cir. 1997), Cabin Kit did nothing to encourage the people of Idaho to access its site and there is no evidence that any part of Cabin kit's business was sought or achieved in Idaho (with the exception of the single sale as a dealer in 2002 that had nothing to do with the facts in the present lawsuit). There is no evidence of sales in Idaho by Cabin Kit of the contested plans and materials or other plans and materials Cabin Kit sells. It appears Cabin Kit has not purposefully availed itself of the privilege of conducting activities in Idaho to fall under Idaho's long-arm statute based on the "transaction of any business within this state" pursuant to Idaho Code §5-514. In fact, Plaintiff appears to agree with this conclusion when it states on page 7 of its response to the motion to dismiss, "At this time,

MEMORANDUM ORDER - Page 6

Precision Craft does not contend that Defendants have conducted business within the state sufficient to subject themselves to jurisdiction under Idaho Code § 5-514(a)."

The Court must now determine based on the pleadings, if the alleged tortious acts committed within the state allow jurisdiction under Idaho Code § 5-514(b).  Plaintiff argues Cabin Kit committed a tort in Idaho by misappropriating and infringing on Precision Craft's copyrighted works and this provides jurisdiction under Idaho's long-arm statute.  Precision Craft's President Jim Young filed a statement under the penalty of perjury which states in paragraph 13: "That the injury resulting from Defendants copyright violation has occurred in the State of Idaho."  Mr. Young also states in paragraph 14: "The Defendants willful copyright infringement is continuous."

"In tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state." Panavision International, L.P. v. Toeppen, 141 F..3d 1316, 1322 n. 2 (9th Cir. 1998) (citing Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).  Copyright infringement is in the nature of a tort.  See Realsongs v. Gulf Broadcasting Corp., 824 F. Supp. 89, 91 (M. D. La. 1993); Business Trends Analysists v. Freedonai Group, Inc., 650 F. Supp. 1452, 1455 (S.D. N.Y. 1987).  When a corporations copyright is infringed, the corporation suffers harm in its primary place of business.  Panavision, at 1321.  The "effects test" for intentional tort cases was set forth in Calder v. Jones, 465 U.S. 783 (1984).  Under Calder, personal jurisdiction can be based upon: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered - and which the defendant knows is likely to be suffered - in the forum state." Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1486 (9th Cir. 1993).  The "effects test" is another way of assessing the defendant's relevant contacts with the forum state as the defendant must still "purposefully avail" itself of the privilege of conducting activities within the forum state. Wallace v. Herron, 778 F.2d 391 (7th Cir. 1985).

Plaintiff argues the case at bar is similar to Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997), overruled on other grounds by Feltner v. Columbia Pictures Television, 523 U.S. 340 (1998).  In Columbia Pictures, the Court held that defendant Feltner willfully infringed copyrights owned by Columbia, which the defendant knew had its principal place of business in California and that this fact satisfied the "purposeful availment"

requirement citing <u>Calder v. Jones</u>.  In <u>Columbia Pictures</u>, the defendant's three television stations in the south continued to broadcast tv shows without making the requisite royalty payments they had made in the past to Columbia Pictures in California.  The Court also relied on contract related contacts between Columbia Pictures and the defendant to satisfy the "purposeful availment" requirement.  <u>Id.</u> at 289.  Columbia Pictures' claims clearly arose "out of or result from the defendant's forum related activities" since Columbia Pictures shipped the programs from California to the defendant's tv stations located outside California based on the license agreements entered into by the parties.  <u>Id.</u>  Finally, the court found a presumption of reasonableness for jurisdiction in California based on the fact defendant purposefully directed his actions at forum residents.  <u>Id.</u>

Defendants argue the case at bar is more like <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414 (9th Cir. 1997) wherein the court held the personal jurisdiction question in a trademark infringement case was not a <u>Calder</u> "effects test" case.  The court held "Cybersell FL's web page simply was not aimed intentionally at Arizona knowing that the harm was likely to be caused there to Cybersell AZ."  <u>Id.</u> at 420. When defendant Cybersell FL chose the name "Cybersell" for its venture, the plaintiff Cybersell AZ's web site was not operational, and the Patent and Trademark Office had not granted plaintiff's application for the service mark.

The Court finds the effects test is applicable to the case at bar.  The case law is clear that an action for copyright infringement is an action in tort and the Court finds the alleged infringement of copyrighted plans and drawings is an intentional tort.  The next question is can the Court automatically infer that a defendant expressly aimed its tortious conduct at the forum state from the fact the Defendant Cabin Kit knew Plaintiff Precision Craft's primary place of business was Idaho?  The majority of courts that have looked at this question have held that "the mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy <u>Calder</u>."  <u>See</u> <u>IMO Industries, Inc. v. Kiekert AG</u>, 155 F.3d 254, 263-63 (3rd Cir. 1998).  However, the Seventh Circuit interprets Calder broadly holding "the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor."  <u>Janmark,Inc. v. Reidy</u>,132 F.3d 1200, 1202 (7th Cir. 1997).  Plaintiff argues the Ninth Circuit decision in <u>Columbia Pictures</u> supports the argument that alleging copyright infringement

MEMORANDUM ORDER - Page 8

along with the defendant's knowledge of the location of plaintiff's principal place of business is sufficient to satisfy the purposeful availment requirement.  This Court finds <u>Columbia Pictures</u> does not establish a *per se* rule for infringement cases, but instead supports the finding the Court should evaluate the case under the effects test for an intentional act.  Specifically, this Court finds the Ninth Circuit has not interpreted <u>Calder</u> as broad as the Seventh Circuit or as Plaintiff requests.  <u>See Cybersell,Inc. v. Cybersell, Inc.</u>, 130 F.3d 414 (9th cir. 1997); <u>Panavision International, L.P. v. Toeppen</u>, 141 F.3d 1316 (9th Cir. 1998) (there must be "something more" to demonstrate the defendant directed  his activity toward the forum state); <u>Schwarzenegger v. Fred Martin Motor Company</u>, 374 F.3d 797 (9th Cir. 2004).

Under the first prong of the three part specific jurisdiction test, Plaintiff must establish Cabin Kit purposefully availed itself or the privilege of conducting activities in Idaho or purposefully directed it activities toward Idaho.

> We [the Ninth Circuit] often use the phrase "purposeful availment," in shorthand fashion, to include both purposeful availment and purposeful direction, but availment and direction are, in fact, two distinct concepts.  A purposeful availment analysis is most often used in suits sounding in contract.  A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.
> . . .
> A showing that a defendant purposefully directed his conduct toward a forum state, by contrast, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere.

<u>Schwarzenegger v. Fred Martin Motor Company</u>, 374 F.3d 797, 802 (9th Cir. 2004) (citations omitted).

The Court finds the factual scenario in the present case is more similar to <u>Panavision</u> than <u>Cybersell</u>.[1]  Cabin Kit knew or should have known that the plans and drawings were copyrighted and owned by Precision Craft since the artist of the drawings submitted an affidavit that he only produced the work for Precision Craft and Precision Craft's president and counsel contacted Cabin

---

[1]The Court finds the present case is easily distinguished from <u>Columbia Pictures</u> where the court found personal jurisdiction based in part on the ongoing relationship of distributing tv shows and the license agreements entered into by the parties.  There are no ongoing relationships or written agreements between the parties in this case.

MEMORANDUM ORDER - Page 9
06ORDERS\Precision_dis.WPD

Kit about the alleged copyright infringements.  After having knowledge of the copyrights, any additional use of the materials would most likely be willful as expressed in the statement by Precision Craft's President.[2]  Cabin Kit allegedly used without permission the plans and drawings for the purpose of increasing its sales of plans and cabin materials.  Cabin Kit is a competitor of Precision Craft and both companies sell throughout the United States, so a sale of the copyrighted plans and drawings would injure Plaintiff even if the sale was not to an Idaho resident. Any usage of the copyrighted materials had the effect of injuring Precision Craft in Idaho where it has its principal place of business.  Therefore, Cabin Kit's alleged intentional actions were expressly aimed or directed at the forum state and caused harm which the defendant knew would be suffered in the forum state where Precision Craft had its principal place of business.  Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1486 (9th Cir. 1993).  This case is not like Cybersell where the trademark had not been approved when Cybersell in Florida started using the trademark on its web site.  In Cybersell, "something more" was not established to show the Florida activities were expressly aimed at Arizona.  In the present case, a competitor of Plaintiff, who could deliver catalogs,  sell cabin plans and materials to customers in Idaho and elsewhere from their web site, was allegedly using Plaintiff's copyrighted materials without permission yet with the knowledge Precision Craft was based in Idaho.  This alleged misappropriation of the copyrighted materials for the sake of increasing sales against a competitor located in Idaho is the "something more" required under the effects test to satisfy the purposeful availment requirement for specific, personal jurisdiction.  The Court finds that assuming  the alleged acts of copyright infringement to be true for purposes of the motion to dismiss, the Defendant Cabin Kit's conduct and connection with Idaho were such that they should have reasonably anticipated being sued in Idaho.  Thomas Jackson Publishing, Inc. v. Buckner, 625 F. Supp 1044, 1046 (D. Neb. 1985); Brayton Purcell, LLP v. Recordon & Recordon, 361 F. Supp. 2d 1135 (N.D. Cal. 2005).

---

[2]Plaintiff has filed a two count complaint. Count 1 is infringement of copyrighted works and Count 2 is willful infringement of copyrighted works.  An act of willful infringement requires the Defendant have knowledge that its conduct constitutes copyright infringement.  Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336, n. 3 (9th Cir. 1990).

The Court must also determine as part of the three factors for specific personal jurisdiction, whether a plaintiff's claims "arise out" of a defendant's forum-related activities. To do so, the Ninth Circuit has adopted a "but for" analysis. See Ballard, 65 F.3d at 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), reversed on other grounds, 499 U.S. 585 (1991)). Thus, specific personal jurisdiction is proper only where "but for" Defendants' activities in Idaho, Plaintiff's injuries would not have occurred. Like the court in Panavision, this Court answers yes to this question. Cabin Kit's alleged improper use of copyrighted materials on their web site and in sales had the effect of injuring Precision Craft in it principal place of business in Idaho. But for Cabin Kit's alleged intentional conduct, this injury would not have occurred. Thus, Precision Craft's claims arise out of Cabin Kit's Idaho-related activities.

Finally, the Court must also determine whether the exercise of jurisdiction is reasonable looking at seven factors: existence of an alternative forum; burden on the defendant; convenience and effectiveness of relief for the plaintiff; most efficient judicial resolution of the dispute; conflict with sovereignty of the defendants' state; extent of purposeful interjection; and the forum state's interest in the suit. Brand v. Menlove Dodge, 796 F. 2d 1070, 1075 (9th Cir. 1986). It is well established that in determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Defendants argue even if the Court finds Plaintiff carried its burden in proving jurisdiction exists, specific jurisdiction is still not proper over Cabin Kit in Idaho when the seven factors are considered. In balancing the seven factors, the Court finds jurisdiction in Idaho comports with "fair play and substantial justice." Paccar Int'l v. Commerical Bank of Kuwait, S.A.K., 757 F.2d 1058 (9th Cir. 1985). Since Plaintiff alleges willful infringement on the part of Cabin Kit, the factor of purposeful injection seems to weigh in Plaintiff's favor. Litigation is expensive to prosecute or defend whether it is in Idaho or Arizona. However, modern advances in communications and transportation have significantly reduced the burdens of litigating in another western state. The burden on the parties is relatively equal whether the case is tried in Idaho or Arizona and Idaho has a strong interest in providing redress for its residents alleging injury due to an intentional tort.

MEMORANDUM ORDER - Page 11
06ORDERS\Precision_dis.WPD

There is no conflict with sovereigns in this case as both parties are located in the United States. The Court finds the efficient judicial resolution of this case is also a wash. The Court is confident either the federal district court in Idaho or Arizona would manage the case efficiently and effectively to properly allocate limited judicial resources and still allow the parties their day in court.

Recognizing that the Plaintiff need only make a prima facie showing of jurisdiction and accepting the uncontroverted allegations as true, the Court finds it is has specific personal jurisdiction over the corporate Defendant Cabin Kit in this case. <u>Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.</u>, 284 F.3d 1114, 1119 (9th Cir 2001). However, Plaintiff has not carried their burden to satisfy the due process concerns of the individually named Defendants George and Jane Doe Wardner who are not Idaho residents and have only visited Idaho for vacations. The claims against these individuals must be dismissed as the Court lacks general or specific personal jurisdiction over these parties.

## ORDER

Being fully advised in the premises, the Court hereby orders:

1) Defendants' motion to dismiss (Docket No. 5) is GRANTED IN PART AND DENIED IN PART. The Court has personal jurisdiction over Defendant Cabin Kit, but does not have personal jurisdiction over the Defendants George and Jane Doe Wardner and the claims against the Wardners are DISMISSED WITHOUT PREJUDICE.

2) Defendants' motion to strike (Docket No. 12) is DENIED.

DATED: **March 3, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - Page 12
06ORDERS\Precision_dis.WPD